*308 General Hardin presented the following petition for a re-hearing:
The court have in this cause applied, for the first time, to the courts of this country, the doctrine, that in courts of limited jurisdiction, if jurisdiction does not appear on the face of the complainant’s or plaintiff’s bill or declaration, it may be taken advantage of at any time. This rule, when applied to courts that have risen up or held out, contrary to the general laws of the land, and in fact were exceptions to the general sovereignty of the government, is surely proper; but when applied to courts which form a part of the general organization of the jurisdiction of the country, may well be questioned.
It is admitted, that the courts of the United States, formerly desirous of getting clear of the burthen of trying causes, have applied this rule to their tribunals, and have not yet deviated from that decision; but it is worthy of remark, that the present Chief Justice of that court, very early after his promotion to the bench, in substance expressed his doubt of the propriety of it, and said, if the point were new, it would deserve further consideration.
And let it also be recollected, that the courts of the United States have no such statute as ours, which requires the exception to the jurisdiction to be taken before answer. See 1 Litt. 523. That act requires the exception to be taken to the want of jurisdiction, before answer filed; and if not, the court are not afterwards to regard it.
Were we to concede that this rule should not extend to cases where it did appear that the court had not jurisdiction, surely the cases in which it is doubtful, and it neither appears positively whether the court have or have not jurisdiction, should have the benefit of this act of assembly.
There is much reason in the rule. If the defendant excepts to the jurisdiction before answer, the party may amend, if the facts will justify it; if not, he may go to another tribunal presently.
Again, if the defendant goes on, and succeeds on the merits, he is quieted; if he fails, he is still to make the question in the court above. This is not fair nor equal.
ADAMS AND HARDIN, for appellee.
To suppose that the act of assembly applies to our circuit courts and county courts, and not to our general court, is contended not to be correct; for all our courts are limited by law, to parties, or subjects, or place, &c. They are all limited; but none are limited, within the technical meaning of courts of “ limited jurisdiction,” of the British decisions.
But if this doctrine, that unless it appears positively that the court have jurisdiction it may be questioned at any time, the party who first tries his strength on the merits, and then resorts to this mode of making the question, should not surely place his adversary in a worse situation by postponing it. If it had been made at first, if the ambiguity of expression had been made the ground of demurrer, or plea, or the like, it could, it would have been amended. Shall we be deprived of that benefit by this course of proceeding?
A re-hearing is respectfully requested.
But, on the 14th of December 1821, the petition was overruled.